UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNETTE CORTIGIANO, RANDALL READE, and ALFRED ROBERTS, on behalf of themselves and others similarly situated,

    *Plaintiffs,*

-against-

OCEANVIEW MANOR HOME FOR ADULTS and JOSEPH ROSENFELD, OPERATOR AND ADMINISTRATOR, OCEANVIEW MANOR HOME FOR ADULTS,

    *Defendants.*

Civ A. No. 04 Civ. 4077 (ILG)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND AMEND THE CAPTION

PILLSBURY WINTHROP LLP
Susan J. Kohlmann (SK-1855)
Karen B. Dine (KD-0546)
David Keyko (DK-3386)
Carolina A. Fornos (CF-6689)
Nancy V. Thornton (NT-5325)
1540 Broadway
New York, NY 10036
(212) 858-1000

MFY LEGAL SERVICES, INC.
Lycette Nelson (LN-5606)
Jeanette Zelhof (JZ-0639)
Of Counsel to Lynn Kelly
299 Broadway
New York, NY 10007
(212) 417-3717

300158664v1

## Table of Contents

|  | Page |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **I. PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE GRANTED** | 2 |
|     A. Standard for Granting Leave to Amend a Complaint | 2 |
|     B. Plaintiffs Satisfy the Standards for Leave to Amend | 2 |
|         *1. There Has Been No Undue Delay* | 3 |
|         *2. There Has Been No Bad Faith* | 3 |
|         *3. Leave to Amend Will Not Cause Prejudice to Defendants* | 4 |
|         *4. The Proposed Amended Complaint is Not Futile* | 7 |
| **II. PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CAPTION SHOULD ALSO BE GRANTED** | 7 |
| **CONCLUSION** | 8 |

# Table of Authorities

## CASES

*Da Cruz v. Towmasters of New Jersey, Inc.*,
   217 F.R.D. 126 (E.D.N.Y. 2003) .................................................................................................2

*Foman v. Davis*,
   371 U.S. 178, 83 S. Ct. 227 (1962) ............................................................................................2

*Presser v. Key Food Stores Cooperative, Inc.*,
   218 F.R.D. 53 (E.D.N.Y. 2003) ...........................................................................................2, 3, 4

*Sokolsi v. Trans Union Corp.*,
   178 F.R.D. 393 (E.D.N.Y. 1998) ..............................................................................................4, 8

## STATUTES

Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* ..............................................................1

Fed. R. Civ. P. 15(a) (West 2005) ....................................................................................................2

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ...................................................................1

300158664v1

## PRELIMINARY STATEMENT

Plaintiffs Annette Cortigiano, Randall Reede[1], and Alfred Roberts ("Plaintiffs"), on behalf of themselves and all others similarly situated, request leave to amend their complaint pursuant to Federal Rules of Civil Procedure 15(a). Plaintiffs have brought this action against defendants Oceanview Manor Home for Adults ("Oceanview") and Joseph Rosenfeld as Operator and Administrator of Oceanview ("Rosenfeld") (collectively, "Defendants") to vindicate the rights of mentally disabled individuals who currently reside and will reside at Oceanview, against whom Defendants have discriminated or are discriminating by denying them access to benefits and services by reason of their disabilities.

Plaintiffs filed their Complaint on September 21, 2004, seeking injunctive and declaratory relief for, *inter alia*, violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; violations of New York Social Services Law § 131-o; violations of Executive Law Article 15 of the New York State Human Rights Law; and several common law breaches of duty. Plaintiffs additionally seek ancillary damages.

Defendant Oceanview filed an Answer to the Complaint on October 27, 2004 and Defendants' counsel submitted to this Court a revised Answer, incorporating responses on behalf of Defendant Rosenfeld, on November 19, 2004.

As set forth in the proposed Amended Complaint, attached as Exhibit A to the Notice of Motion, Plaintiffs hereby seek to add additional named plaintiffs Anna Coughlin, Antonio Ilarrazza, Roger Rosen, and Robert Wayne (collectively, the "Additional Named Plaintiffs") to their Complaint, along with the relevant facts. Plaintiffs additionally seek leave to amend the caption to reflect the addition of the Additional Named Plaintiffs.

---

[1] Mr. Randall Reede was incorrectly listed in the caption of the original complaint as Randall Reade.

300158664v1

## I. PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE GRANTED

### A. Standard for Granting Leave to Amend a Complaint

Leave to amend a complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a) (West 2005). The decision whether to grant or deny a motion for leave to amend a complaint is within the sound discretion of the Court. *See Da Cruz v. Towmasters of New Jersey, Inc.*, 217 F.R.D. 126, 129 (E.D.N.Y. 2003) (Glasser, J.). Leave to amend should be denied only for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182-83, 83 S. Ct. 227, 230 (1962); *see also Presser v. Key Food Stores Coop., Inc.*, 218 F.R.D. 53, 55 (E.D.N.Y. 2003) (Glasser, J.) ("leave to amend shall be freely given when justice so requires in the absence of any countervailing factors such as undue delay, bad faith, undue prejudice to the opposing party, or futility of the amendment"). Moreover, "plaintiff need not establish the factual merits of her proposed amendment [but] must at least show that the amendment would survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)." *Id.* at 56. Importantly, "the proposed amendment must be viewed in the light most favorable to the party moving to amend . . . and leave to amend should only be denied if the moving party can prove no set of facts which would entitle her to relief." *Id.* As set forth below, Plaintiffs meet the aforementioned standards.

### B. Plaintiffs Satisfy the Standards for Leave to Amend

Leave to amend should be granted in this case because there has been no undue delay, dilatory motive or bad faith on the part of Plaintiffs, and Defendants will suffer no undue

2

300158664v1

prejudice should the motion be granted. Moreover, the proposed amendment is not futile because each Additional Named Plaintiff has a claim against Defendants.

### 1. *There Has Been No Undue Delay*

Plaintiffs filed their Complaint on September 21, 2004 and Defendant Oceanview filed its Answer on October 27, 2004, with a revision submitted to this Court on November 19, 2004, to include Defendant Rosenfeld in the Answer. To date, there has been no pretrial conference scheduled in this litigation, discovery has not yet begun, no motions have been filed in this case, and there has been no trial date set. *See Presser,* 218 F.R.D. at 56. Indeed, this Court has granted leave to amend a complaint after a delay of *twenty-one* months where discovery had not yet begun and no trial date was set. *Id.* Here, less than four months have passed since the filing of the Complaint. Leave to amend is thus proper.

### 2. *There Has Been No Bad Faith*

There has been no bad faith on the part of Plaintiffs in moving to amend. Ms. Nelson, on behalf of Plaintiffs, was not able to confirm that the Additional Named Plaintiffs had claims until November 15, 2004. (Declaration of Lycette Nelson dated January 7, 2005 ¶ 2 ("Nelson Decl.").) On November 18, 2004, Theresa Scotto-Lavino, counsel for Defendants, sent Ms. Nelson a letter challenging Ms. Nelson's right to speak to the residents of Oceanview who were not named as plaintiffs in this action. (*Id.* ¶ 4.) The issue was not resolved until several weeks later. (*Id.*) It should also be noted that Defendants did not file an answer for Defendant Rosenfeld until November 19, 2004. (*Id.* ¶ 3.)

After obtaining the relevant facts and claims of the Additional Named Plaintiffs, Plaintiffs contacted Defendants' counsel on December 23, 2004 for permission to amend the complaint to add more plaintiffs. (*Id.* ¶ 5.) On January 4, 2005, Ms. Scotto-Lavino of Ptashnik & Associates denied this request via email, leaving Plaintiffs with no choice but to file a motion

3

300158664v1

for leave to amend. (*Id.* ¶ 7.) There has been no bad faith or dilatory motive on the part of Plaintiffs in moving to amend at this time. (Nelson Decl. ¶ 8.)

### 3. *Leave to Amend Will Not Cause Prejudice to Defendants*

This Court has previously concluded that a defendant would not be significantly prejudiced if a plaintiff was allowed to amend her complaint where plaintiff did "not seek to add a new cause of action, but to add a class of plaintiffs on a claim already in the complaint." *Presser,* 218 F.R.D. at 56; *accord Sokolsi v. Trans Union Corp.*, 178 F.R.D. 393, 398 (E.D.N.Y. 1998) ("Where the asserted claims of the proposed additional plaintiffs are identical to those of the original plaintiff and arise from the same conduct, defendants will not be prejudiced in defending their claims."). Here, the proposed Amended Complaint merely seeks to add the Additional Named Plaintiffs and their facts, all of which are similar to the facts already pled in the original Complaint by the original three named Plaintiffs. Furthermore, the proposed Amended Complaint does not add any new claims against Defendants. Thus, granting leave to file an amended complaint would cause no prejudice to Defendants.

The information contained in the proposed Amended Complaint can be summarized as follows: Defendants maintain policies and practices in distributing the Personal Needs Allowance ("PNA") to recipients of Supplemental Security Income ("SSI"), whereby they condition the Additional Named Plaintiffs' receipt of their PNA on certain conduct in violation of plaintiffs' rights to these benefits. (Am. Compl. ¶ 5.) Contrary to federal and state policy toward mentally disabled individuals, Defendants severely curtail the independence of the Additional Named Plaintiffs, together with other Oceanview residents. (Am. Compl. ¶ 8.) The policy of both the United States and the State of New York is to encourage independence and integration of people, like the Additional Named Plaintiffs, with disabilities. (Am. Compl. ¶ 7.) In violation of the clear mandate of, *inter alia,* the Rehabilitation Act of 1973, the Americans

4

300158664v1

with Disabilities Act, and New York Social Services Law, Defendants have maintained policies and practices that discriminate against and harm all Plaintiffs in this action. (Am. Compl. ¶¶ 134-206.)

*Plaintiff Anna Coughlin*

Additional Named Plaintiff Anna Coughlin ("Plaintiff Coughlin") has resided at Oceanview for 18 years. (Am. Compl. ¶¶ 13.) She is 74 years old, mentally disabled, and a recipient of SSI and Social Security. (*Id.*) As an SSI recipient, Plaintiff Coughlin is entitled to receive monthly PNA of $127.00 in 2004. (Am. Compl. ¶ 37.) Plaintiff Coughlin is her own payee, yet maintains a personal allowance account with Oceanview. (Am. Compl. ¶¶ 72-73.) For roughly 17 years, Plaintiff Coughlin received her full PNA at the beginning of each month. (Am. Compl. ¶ 74.) However, when she told Defendants or their agents that she would like to withdraw her PNA in increments of $15 or $20 at a time, Defendants instead put Plaintiff Coughlin on a budget of $3 per day plus one pack of cigarettes. (Am. Compl. ¶¶ 75-76.) Because Oceanview distributes allowance only from the business office, Defendants' refusal to give Plaintiff Coughlin her PNA in larger increments requires her to stand in line for five to twenty-five minutes to receive her $3 every day. (Am. Compl. ¶ 79.) Plaintiff Coughlin is forced to wait in line despite her debilitating diabetes and arthritis. (Am. Compl. ¶ 78-79.) When Plaintiff Coughlin has asked to receive more than $3, Defendants have verbally abused her. (Am. Compl. ¶ 81.)

*Plaintiff Antonio Ilarraza*

Plaintiff Antonio Ilarraza ("Plaintiff Ilarraza") is a 72-year-old mentally disabled man who has lived at Oceanview for more than four years. (Am. Compl. ¶ 14.) As a recipient of SSI, Plaintiff Ilarraza used to receive his entire PNA at the beginning of the month. (Am. Compl. ¶ 85.) However, several years ago, Defendants put Plaintiff Ilarraza on a budget of $25 per week

5

and in the past several months, Plaintiff Ilarraza has only received $15 per week. (Am. Compl. ¶¶ 86-87.) Defendants force Plaintiff Ilarraza to wait in line to receive his money and refuse him his PNA if they believe he has not showered. (Am. Compl. ¶¶ 88-90.) Although Plaintiff Ilarraza has more than $800 in his account, he is afraid to ask for his money and believes that defendants would not give it to him if he asked. (Am. Compl. ¶ 91.)

*Plaintiff Roger Rosen*

Plaintiff Roger Rosen ("Plaintiff Rosen"), 56-years-old and mentally disabled, has lived at Oceanview since 1992. (Am. Compl. ¶ 17.) He is a recipient of SSI, and as such is entitled to $127 PNA monthly. (Am. Compl. ¶¶ 37.) Until approximately two years ago, Plaintiff Rosen received his full PNA at the beginning of every month. (Am. Compl. ¶ 116.) In response to seeing Plaintiff Rosen asking for money outside of Oceanview, Defendants told Plaintiff Rosen that he would only receive $5 per day of his PNA. (Am. Compl. ¶¶ 119.) When Plaintiff Rosen has requested his full PNA, Defendants have laughed at him and refused his request. (Am. Compl. ¶ 121.)

*Plaintiff Robert Wayne*

Plaintiff Robert Wayne ("Plaintiff Wayne") is 56-years-old and mentally disabled, has resided at Oceanview since 2003 and is a recipient of SSI. (Am. Compl. ¶ 18.) As such, he is entitled to receive $127 PNA per month. (Am. Compl. ¶ 37.) Although Plaintiff Wayne is his own payee, he maintains an account at Oceanview for his PNA. (Am. Compl. ¶ 125.) Until Plaintiff Wayne moved to Oceanview, he had consistently received his PNA in full at the beginning of each month. (Am. Compl. ¶ 126.) However, since moving to Oceanview, Plaintiff Wayne has only received his allowance in $10 increments on Monday, Wednesday, and Friday. (Am. Compl. ¶ 127.) Further, Defendants condition Plaintiff Wayne's receiving his PNA on his attendance at a day treatment program, on having taken a shower when Defendants want him to,

and on changing his clothing. (Am. Compl. ¶ 129.) Defendants refuse to give Plaintiff Wayne the balance left in his PNA account at the end of the month. (Am. Compl. ¶ 132.)

The facts of the Additional Named Plaintiffs are similar to the claims of the original three named Plaintiffs such that Defendants have already been placed on notice of the allegations of the Amended Complaint. As there are no new claims or causes of action alleged against Defendants, leave to amend would not result in any prejudice to Defendants. Thus, leave to amend should be granted.

### 4.    *The Proposed Amended Complaint is Not Futile*

As demonstrated by the foregoing, the Proposed Amended Complaint merely adds the Additional Named Plaintiffs, whose claims against Defendants are identical to those of the plaintiffs named in the Complaint. Each of the Additional Named Plaintiffs have claims against the Defendants arising out of Federal and State laws. The proposed amendment merely explains the nature of the Additional Named Plaintiffs' claims against the Defendants that arise from applicable Federal and State laws. As residents of Oceanview whose rights have been violated, the Additional Named Plaintiffs seek to join the Named Plaintiffs in this class action for injunctive and declaratory relief and for ancillary damages against Defendants. Their controversy is live and, as such, they will be able and vital participants in the litigation and advocates for the remainder of the class. There exists no futility in amending the Complaint.

## II.    PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CAPTION SHOULD ALSO BE GRANTED

If leave to amend the Complaint is granted, Plaintiffs respectfully request leave to amend the caption to identify each of the Additional Named Plaintiffs and to correct the spelling of Plaintiff Reede's name in the caption, which was inadvertently misspelled in the original Complaint. No prejudice will result to Defendants from the amendment of the caption. This

Court has granted leave to amend a complaint that sought to add a class action and correct the caption to reflect the proper party name. *See generally Sokolsi*, 178 F.R.D. at 399.

## CONCLUSION

Wherefore, Plaintiffs respectfully request that this Court grant its motion for leave to file the proposed Amended Complaint, and any other relief it deems just and proper.

Dated: January 10, 2005
      New York, New York

Respectfully submitted,

PILLSBURY WINTHROP LLP

By: _____
Susan J. Kohlmann (SK-1855)
Karen B. Dine (KD-0546)
David Keyko (DK-3386)
Carolina A. Fornos (CF-6689)
Nancy V. Thornton (NV-5325)
1540 Broadway
New York, NY 10036
(212) 858-1000

MFY LEGAL SERVICES, INC.
Lycette Nelson (LN-5606)
Jeanette Zelhof (JZ-0639)
Of Counsel to Lynn Kelly
299 Broadway
New York, NY 10007
(212) 417-3717

To:

Neil B. Ptashnik
Theresa Scotto-Lavino
Ptashnik & Associates
67 Wall Street, Suite 2410
New York, New York 10005
(212) 825-1565
*Attorneys for Defendants Oceanview Manor Home for Adults and Joseph Rosenfeld*