PILLSBURY WINTHROP SHAW PITTMAN LLP
Susan J. Kohlmann (SK-1855); Karen B. Dine (KD-0546)
David G. Keyko (DK-3386)
Carolina A. Fornos (CF-6689); Nancy V. Thornton (NT-5325)
1540 Broadway, New York, NY 10036
(212) 858-1000

MFY LEGAL SERVICES, INC.
Lycette Nelson (LN-5606); Jeanette
Zelhof (JZ-0639)
Of Counsel to Lynn Kelly
299 Broadway, New York, NY 10007  (212) 417-3717

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNETTE CORTIGIANO, individually, RANDALL REEDE, ALFRED ROBERTS, ANNA COUGHLIN, ANTONIO ILARRAZA, ROGER ROSEN, and ROBERT WAYNE, on behalf of themselves and others similarly situated,<br>             *Plaintiffs*,<br><br>            -against-<br><br>OCEANVIEW MANOR HOME FOR ADULTS and JOSEPH ROSENFELD, OPERATOR AND ADMINISTRATOR, OCEANVIEW MANOR HOME FOR ADULTS,<br>             *Defendants*. | Civ A. No. 04-4077 (ILG)<br><br>**MEMORANDUM OF UNDERSTANDING** |

**FOR SETTLEMENT PURPOSES ONLY**
**Subject to Rule 408 of the Federal Rules of Evidence**

The following three-part proposal represents a Memorandum of Understanding between Plaintiffs in the above-captioned action and Defendants Oceanview Manor Home for Adults and Joseph Rosenfeld with regard to a settlement of all claims that have been brought against Defendants as set forth in the Second Amended Complaint (the "Settlement").

I.  **Oceanview and its Operator ("Oceanview") Agrees to the Following Practices and Policies for Distribution of Personal Needs Allowances.**

Oceanview agrees to the following practices and policies regarding distribution of monthly Personal Needs Allowances ("Allowances") to all class members. Specifically, Oceanview agrees:

1. To make Allowances available four hours per day Monday through Friday pursuant to 18 NYCRR §487.6(c)(5). As required by this regulation, the hours during which residents will have access to their accounts will be posted and the business office will be open to all residents to withdraw funds from their accounts during those hours. Any resident for whom Oceanview is not the representative payee and/or who has not voluntarily entered into a revocable[1] budgeting agreement with Oceanview who appears at the business office during those hours will be able to withdraw any amount up to the balance in the account.

2. To allow residents who are their own payees and who negotiate their monthly SSI checks and any other monthly checks to Oceanview to withdraw their monthly allowances in any amount available within two banking days after negotiating the check to the home, pursuant to 18 NYCRR § 487.6(b)(2).

3. A resident who has a surplus in his account as a result of budgeting or for any other reason may withdraw all or part of the surplus upon completion of a request for disbursement in the form attached. Failure to provide a receipt as required by the form in and of itself will not be a basis to withhold or refuse distribution of a resident's surplus funds.

4. For those residents for whom Oceanview is the representative payee, Oceanview will institute a budgeting policy that reflects the following principles: engaging the resident in the budgeting process, respecting the resident, and working towards the goal of developing the resident's autonomy.

5. Not to engage in any practices related to conditioning of residents' receipt of their Allowances on performance of specific activities.

6. Not to engage in any practices related to inquiring into personal hygiene, other activities of daily living, or medical and/or mental health treatment in connection to distributing residents' Allowances.

---

[1] Oceanview residents who are their own payees but have entered into a negotiated budgeting agreement with Oceanview or its Operator may revoke such agreement at any time. So that Plaintiffs' counsel will know the class members' payee status, counsel for Oceanview will provide current lists of residents for whom Oceanview is the payee and will update that information for new residents quarterly.

7. Residents will make or approve of all purchases made with their money provided such approval is not unreasonably withheld.

II. **Oceanview Shall Provide Appropriate Supervision, Case Management Services and Personal Care Services.**

Oceanview agrees to provide required supervision, case management, and personal care services pursuant to 18 NYCRR § 487.7.

1. Oceanview agrees to allow organizations identified by Plaintiffs' attorneys, assuming no additional costs to Oceanview will be imposed by said organization, to offer residents training in money management. Oceanview will agree to allow such classes to be arranged at least quarterly at a time when the greatest number of residents are available to attend. It is understood that Plaintiffs' attorneys will provide one week advance notice of the identity of the organization and will provide a summary of the agenda for the meeting or training session.

2. Oceanview will provide orientation to all residents who request it regarding shopping that is within walking distance of Oceanview or accessible by public transportation. Oceanview agrees to provide all residents and incoming residents a list of stores within walking distance and information about public transportation from Oceanview.

3. Oceanview will accept input from residents' mental health providers to address personal hygiene issues and to determine how best to address such issues.

III. **The Parties Agree to Stay this Action for a Period of Twenty-Two Months Unless Violations of this Agreement Occur**

To ensure compliance with this settlement agreement, an oversight and reporting period shall be instituted for not less than twenty-two months from the date of entry of this settlement during which time:

1. Counsel for Oceanview will notify Plaintiffs' attorneys on a quarterly basis of any new residents who are members of the class and of any class members who cease to reside at Oceanview or who are deceased. This information will be designated Attorneys' Eyes Only and will only be viewed by Plaintiffs' attorneys.

2. Upon notice and a showing of cause, Plaintiffs may seek access to the Court to obtain copies of relevant documentation.

3. Plaintiffs' attorneys and/or their agents will make unannounced visits to the home and will conduct regular meetings with residents at Oceanview to solicit input from residents regarding Oceanview's compliance with the terms of this agreement.

Plaintiffs' attorneys may use the Lounge on the last Tuesday of each month, beginning at 6 P.M., for up to two hours, for resident meetings, which meetings will be dedicated to issues relating to the terms of this agreement. Resident meetings in the Lounge will be publicized in advance by Plaintiffs' attorneys and Oceanview shall post and distribute such meeting notices. No Oceanview staff will be present at such meetings.

4. If Plaintiffs' attorneys and/or their agents learn of any instances in which Oceanview is failing to comply with the terms of this agreement, they shall immediately notify Oceanview and its attorneys in writing. Oceanview shall respond within 10 days. If, after 30 days, the parties are unable to resolve the matter, they shall notify the Court and seek the intervention of the Magistrate Judge.

5. This action will be stayed for a period of twenty-two months and the case will be dismissed after twenty-two months if there are no violations of this agreement during that time. If violations of this agreement occur, Plaintiffs may ask the Court to lift the stay and Plaintiffs will again bring this action before the Court.

6. In the event this action is reinstated pursuant to Paragraph 5 of this section, Plaintiffs reserve the right to seek damages and attorneys' fees from the inception of the action. Similarly, if Defendants turn out to be the prevailing party, Defendants reserve the right to seek costs from the inception of this action. Nothing in this paragraph is intended to reflect any concession by Defendants that Plaintiffs are entitled to attorneys fees or damages. Nothing in this paragraph is intended to reflect any concession by Plaintiffs that Defendants are entitled to costs.

| PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1540 Broadway<br>New York, New York 10036<br>(212) 858-1000<br><br>By: _____<br>Susan J. Kohlmann (SK-1855)<br>Karen B. Dine (KD-0546)<br>David G. Keyko (DK-3386)<br>Carolina A. Fornos (CF-6689)<br>Nancy V. Thornton (NT-5325)<br><br>MFY Legal Services, Inc.<br>299 Broadway<br>New York, New York 10007 | PTASHNIK & ASSOCIATES<br>67 Wall Street, Suite 2410<br>New York, New York 10005<br>(212) 825-1565<br><br>By: _____<br>Theresa Scotto-Lavino<br><br>*Attorneys for Defendants Oceanview Manor Home For Adults and Joseph Rosenfeld* |
|---|---|

4

| | |
|---|---|
| (212) 417-3700<br>Lycette Nelson (LN-5606)<br>Jeanette Zelhof (JZ-0639)<br>Of Counsel to Lynn Kelly<br>*Counsel for Plaintiffs* | |

Request for Disbursement of Personal Needs Allowance

For use only for those individuals for whom Oceanview is a documented representative payee who wishes to withdraw surplus amounts over their monthly allowance.

Procedure: This form is to be completed by the resident requesting disbursement on the date of the request.

AMOUNT REQUESTED: _____

REASON FOR REQUEST:

_____

_____

_____

_____

Signature of resident: _____

Acknowledged by: _____

Resident is to provide receipt for purchases in excess of $50.00 (fifty dollars).