UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANNETTE CORTIGIANO, individually, RANDALL REEDE, ALFRED ROBERTS, ANNA COUGHLIN, ANTONIO ILARRAZA, ROGER ROSEN, and ROBERT WAYNE,

on behalf of themselves and others similarly situated,

*Plaintiffs*,

-against-

OCEANVIEW MANOR HOME FOR ADULTS and JOSEPH ROSENFELD, OPERATOR AND ADMINISTRATOR, OCEANVIEW MANOR HOME FOR ADULTS,

*Defendants*.

Civ A. No. 04-4077 (ILG)

## NOTICE OF SETTLEMENT OF CLASS ACTION

**TO THE RESIDENTS OF OCEANVIEW MANOR HOME FOR ADULTS WHO ARE RECIPIENTS OF SOCIAL SECURITY INCOME (SSI) AND WHO RECEIVE PERSONAL NEEDS ALLOWANCES: THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT THE DISTRIBUTION OF PERSONAL NEEDS ALLOWANCES AT OCEANVIEW MANOR HOME FOR ADULTS.**

### PURPOSE OF THIS NOTICE

**THIS NOTICE IS POSTED TO TELL YOU ABOUT A CLASS ACTION LAWSUIT OF WHICH YOU ARE A PART UNLESS YOU CHOOSE OTHERWISE. THIS LAWSUIT WAS BROUGHT ON BEHALF OF ALL RESIDENTS OF OCEANVIEW MANOR HOME FOR ADULTS WHO RECEIVE PERSONAL NEEDS ALLOWANCES. THE CLASS REPRESENTATIVES AND OCEANVIEW MANOR HOME FOR ADULTS, TOGETHER WITH JOSEPH ROSENFELD HAVE AGREED TO SETTLE THIS CLASS ACTION LAWSUIT AND TO INSTITUTE CERTAIN PRACTICES AT OCEANVIEW RELATED TO PERSONAL NEEDS ALLOWANCE RECEIPT. TO BENEFIT FROM THIS SETTLEMENT <u>YOU DO NOT HAVE TO DO ANYTHING.</u> IF, AFTER READING THIS NOTICE, YOU DO NOT WISH TO BE INVOLVED IN THE CLASS SETTLEMENT, PLEASE CONTACT MFY LEGAL SERVICES, INC. AT (212) 417-3717.**

# CLASS MEMBERS HAVE A RIGHT TO OBJECT
# TO THE TERMS OF THIS SETTLEMENT

Any class member who wishes to object to the terms of the Settlement described below may file a written objection with the Court by September 30, 2005 at the following address:

> Magistrate Judge Steven M. Gold
> United States District Court
> Eastern District of New York
> 225 Cadman Plaza East
> Brooklyn, New York 11201

Upon receipt of any such objections, the Court will conduct a Fairness Hearing to be held at 3 PM on Friday, October 7, 2005 in Court Room A, Second Floor, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

## CLAIMS ASSERTED IN THIS ACTION

On behalf of all residents at Oceanview Manor Home for Adults, the class representatives (the "Class") brought a lawsuit regarding the distribution of residents' Personal Needs Allowances ("Allowances") at Oceanview Manor Home for Adults ("Oceanview"). Specifically, the lawsuit challenged Oceanview's practices under several New York State and United States laws, claiming that the way Oceanview distributed Allowances discriminated against residents on the basis of their disabilities. Included in their claims were challenges relating to how Oceanview distributed Allowances when residents failed to shower or attend day treatment programs. The lawsuit also challenged how Allowances were budgeted for those residents for whom Oceanview is not the representative payee.

## DESCRIPTION OF THE CLASS

The class in this class action lawsuit is identified as all individuals who resided at Oceanview at the inception of this action or who will reside at Oceanview Manor, who are mentally disabled, and who receive SSI.

## STATUS OF THE ACTION

In order to resolve the issues in this case in a timely manner so that residents and the Oceanview staff can both proceed normally, both the Class and Oceanview, together with Joseph Rosenfeld, have agreed to settle this case for the sake of the stability of life at Oceanview. Without such a settlement, the Allowances distribution procedure would have been in question for the length of the litigation, which may have lasted several years or longer.

The Class agreed to stay this action and not to proceed with the litigation during a 22-month period, and Oceanview agrees to comply with the terms of the settlement. If during that time, there is a dispute over Oceanview's compliance with the terms the settlement with regard to any member of the class, the plaintiffs reserve the right to return court and ask the judge to lift the stay.

member of the class, the plaintiffs reserve the right to return court and ask the judge to lift the stay.

## SUMMARY OF THE TERMS OF THE SETTLEMENT

The full and precise terms of the settlement are contained in the Settlement Agreement filed with the Court on August 15, 2005 (the "Settlement"). This Notice is intended as a summary only. More detailed information concerning the matters discussed in this notice may be obtained from the pleadings, orders, transcripts and other proceedings, and other documents filed in these actions, all of which may be inspected at the Office of the Clerk, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201. The settlement affects the rights only of those Oceanview residents who receive Social Security Income and who have *not* opted out of the class. If, after reading the Settlement, you would prefer *not* to be a member of the class, please contact MFY Legal Services, Inc. If you wish to remain in the class and benefit from the settlement, you do not have to do anything.

The settlement provides for certain practices for the distribution Allowances are distributed to Oceanview residents. Namely:

**Oceanview and its Operator Agree to the Following Practices and Policies for Distribution of Personal Needs Allowances.**
- Residents who are their own payees and who sign their monthly SSI checks and any other monthly checks over to Oceanview may withdraw their monthly Allowances in any amount within two banking days after negotiating the check to the home.
- Receipt of allowances will not be conditioned upon things like showering.
- If Oceanview is the representative payee for a resident and determines that the resident needs help budgeting his monthly allowance, Oceanview will involve the resident in the budgeting process in a respectful way and budget the resident's allowance in a way that helps the resident develop more autonomy.
- A resident who has a surplus beyond his monthly allowance in his account may withdraw all or part of the surplus. If the home is the payee for the resident, the home may ask the resident to complete a request for disbursement and to provide receipts for purchases over $50. However, the home cannot refuse to give the resident access to surplus funds in the future if the resident does not produce a receipt.
- Residents may make their own purchases with their Allowances. If a resident chooses to let staff or others make purchases for him, staff must seek the resident's approval of the purchases. Oceanview will make Allowances available for four hours per day Monday through Friday, during posted hours. Any resident who is not on a budget can withdraw any amount during those hours.

**Oceanview Shall Provide Appropriate Supervision, Case Management Services and Personal Care Services.**

- Oceanview will allow certain organizations to offer residents training in money management.
- Oceanview will provide orientation to all residents who request it regarding shopping that is within walking distance of Oceanview or accessible by public transportation and will provide a list of stores and information about public transportation to all new residents.
- Oceanview will accept input from residents' mental health providers to address personal hygiene issues and to determine how best to address such issues.

**The Parties Agree to Stay This Action for a Period of Twenty-Two Months Unless Violations of this Agreement Occur.**

- Attorneys for Oceanview will notify attorneys for the Class on a quarterly basis of any new residents who are members of the class and of any Class members who cease to reside at Oceanview or who are deceased. Only the attorneys for the plaintiffs will see these records.
- If necessary, the Class's attorneys will ask the Court for the right to obtain copies of relevant documents from Oceanview.
- The Class's attorneys will make unannounced visits to Oceanview and will conduct monthly meetings in the Lounge without Oceanview staff present to discuss the subject matter of this Settlement.
- If residents report any violations of the settlement to the Class's attorneys, they will first try to resolve them with Oceanview's attorney. If they are not resolved, the Class's attorneys may ask the Court to lift the stay of this action.

Dated: New York, New York
September 13, 2005

| PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1540 Broadway<br>New York, New York 10036<br>(212) 858-1000<br><br>By: _____<br>   Susan J. Kohlmann (SK-1855)<br>   Karen B. Dine (KD-0546)<br>   David G. Keyko (DK-3386)<br>   Carolina A. Fornos (CF-6689)<br>   Nancy V. Thornton (NT-5325)<br><br>MFY Legal Services, Inc. | PTASHNIK & ASSOCIATES<br>67 Wall Street, Suite 2410<br>New York, New York 10005<br>(212) 825-1565<br><br>By: _____<br>   Theresa Scotto-Lavino<br><br>*Attorneys for Defendants Oceanview Manor Home For Adults and Joseph Rosenfeld* |

| | |
|---|---|
| 299 Broadway<br>New York, New York 10007<br>(212) 417-3700<br>Lycette Nelson (LN-5606)<br>Jeanette Zelhof (JZ-0639)<br>Of Counsel to Lynn Kelly<br>*Counsel for Plaintiffs* | |